FILED
November 23, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: DT
Deputy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**JALEEL ADONIS DAVIS,**

**Defendant.**

**INDICTMENT**

**Case No: EP:26-CR-03033-DC**

**CT 1:** 18 U.S.C. § 2339B(a)(1) - Conspiracy to Provide Material Support to a Designated Foreign Terrorist Organization;

**CT 2:** 18:2339B: Providing Material Support to a Foreign Terrorist Organization;

**CT 3:** 18:371 & 2314: Conspiracy to Commit Interstate Transportation of Stolen Property;

**CT 4:** 18:2314-Interstate Transportation of Stolen Property;

**CT 5:** 18:2314-Interstate Transportation of Stolen Property; and

**CT 6:** 18:2314-Interstate Transportation of Stolen Property.

***Notice of Government's Demand for Forfeiture***

THE GRAND JURY CHARGES:

**COUNT ONE**

Beginning on or about July 26, 2026, and continuing through the return of the date of this Indictment, in an offense occurring in and affecting interstate and foreign commerce, in the Western District of Texas, the Republic of Mexico, and elsewhere, the Defendant,

**JALEEL ADONIS DAVIS,**

and others (hereinafter referred to as "the members of the conspiracy"), did knowingly combine, conspire, confederate and agree with others known and unknown, to provide material support and resources, to wit: vehicles and personnel and firearms, to the Cartel Jalisco Nueva Generacion, a

foreign terrorist organization which was designated on February 20, 2025, knowing, that the Cartel Jalisco Nueva Generacion had engaged in and was engaging in terrorist activity, and the Defendant is a United States national.

All in violation of Title 18, United States Code, Section 2339B(a)(1).

**COUNT TWO**

Beginning on or about July 26, 2026, and continuing through the return of the date of this Indictment, in an offense occurring in and affecting interstate and foreign commerce, in the Western District of Texas, the Republic of Mexico, and elsewhere, the Defendant,

**JALEEL ADONIS DAVIS**,

did knowingly provide and attempt to provide material support and resources, to wit: vehicles and personnel and firearms, to the Cartel Jalisco Nueva Generacion, a foreign terrorist organization, which was designated on February 20, 2025, knowing that the Cartel Jalisco Nueva Generacion had engaged in and was engaging in terrorist activity, and the Defendant is a United States national.

All in violation of Title 18, United States Code, Section 2339B(a)(1).

**COUNT THREE**

That on or about July 26, 2026, continuing through and including on or about October 30, 2026, in the Western District of Texas, Middle District of Florida, and elsewhere, Defendant,

**JALEEL ADONIS DAVIS**

and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, and agree with each other to transport in interstate commerce goods, wares, and merchandise having a value of $5,000 or more, knowing that the goods, wares and merchandise had been stolen, taken by fraud, and fraudulently converted, in violation of Title 18, United States Code, Section 2314.

## MANNER AND MEANS

The manner and means by which Defendant and others known and unknown to the grand jury sought to accomplish the objects of the conspiracy included the following:

Defendant Jaleel Adonis Davis and others operated a criminal conspiracy to steal automobiles/trucks from rental car companies in the Middle District of Florida and elsewhere. Defendant Jaleel Adonis Davis took possession of a vehicle, 2022 Chevrolet Corvette valued at approximately $60,000.00 (dollars), 2026 Jeep Wrangler valued at 43,730.00 (dollars), and 2026 Toyota Tacoma valued at 36,770.00 (dollars), all rented under fraudulent pretense. After taking custody of the vehicle, Defendant Jaleel Adonis Davis drove the vehicle into Mexico through port of entry in El Paso, in the Western District of Texas. After the vehicles entered Mexico, they were delivered to another co-conspirator. Defendant Jaleel Adonis Davis received a monetary fee for his smuggling efforts.

## OVERT ACTS

In furtherance of the conspiracy and to affect the objects of the conspiracy, the following overt acts, among others, were committed in the Western District of Texas, Middle District of Florida, and elsewhere:

1. On or about October 29, 2026, in the Western District of Texas, Defendant Jaleel Adonis Davis drove the 2022 Chevrolet Corvette into Mexico with knowledge the vehicle was not going to be returned to its owner.
2. On or about October 6, 2026, in the Western District of Texas, Defendant Jaleel Adonis Davis drove the 2026 Jeep Wrangler from Florida to El Paso, Texas with knowledge the vehicle was going to be driven into Mexico and not be returned to its owner.
3. On or about October 19, 2026, in the Western District of Texas, Defendant Jaleel

Adonis Davis drove the 2026 Toyota Tacoma from Florida to El Paso, Texas with knowledge the vehicle was going to be driven into Mexico and not be returned to its owner.

All in violation of Title 18, United States Code, Sections 371 and 2314.

**COUNT FOUR**

That on or about October 29, 2026, in the Western District of Texas, Defendant,

**JALEEL ADONIS DAVIS**

did unlawfully transport, transmit, and transfer in interstate and foreign commerce from Florida to El Paso, Texas, to Ciudad Juarez, Chihuahua, Mexico, stolen goods, wares and merchandise, that is, a 2022 Chevrolet Corvette, of the value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud from an automobile rental business, in violation of Title 18, United States Code, Section 2314.

**COUNT FIVE**

That on or about October 6, 2026, in the Western District of Texas, Defendant,

**JALEEL ADONIS DAVIS**

did unlawfully transport, transmit, and transfer in interstate and foreign commerce from Florida to El Paso, Texas, to Ciudad Juarez, Chihuahua, Mexico, stolen goods, wares and merchandise, that is, a 2026 Jeep Wrangler, of the value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud from an automobile rental business, in violation of Title 18, United States Code, Section 2314.

**COUNT SIX**

That on or about October 19, 2026, in the Western District of Texas, Defendant,

**JALEEL ADONIS DAVIS**

did unlawfully transport, transmit, and transfer in interstate and foreign commerce from Florida to El Paso, Texas, to Ciudad Juarez, Chihuahua, Mexico, stolen goods, wares and merchandise, that is, a 2026 Toyota Tacoma, of the value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud from an automobile rental business, in violation of Title 18, United States Code, Section 2314.

**NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE**
**[*See* FED. R. CRIM. P. 32.2]**

**I.**
**Conspiracy to Provide Material Support to a Foreign Terrorist Organization and Transportation of Stolen Property Violation and Forfeiture Statutes**
**[18 U.S.C. §§ 371, 2314 and 2339B, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and (G), made applicable to criminal forfeiture by 28 U.S.C. § 2461(c)]**

As a result of the criminal violations set forth above, the United States gives notice to Defendant JALEEL ADONIS DAVIS of its intent to seek the forfeiture of certain property upon conviction and pursuant to FED. R. CRIM. P. 32.2, 18 U.S.C. § 981(a)(1)(C) and (G), made applicable to criminal forfeiture by 28 U.S.C. § 2461(c), which state:

**18 U.S.C. § 981. Civil Forfeiture**

> (a)(1) The following property is subject to forfeiture to the United States:
> * * *
> (C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation . . . of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.
> (G) All assets, foreign or domestic—
> (i) of any individual, entity, or organization engaged in planning or perpetrating any Federal crime of terrorism (as defined in section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization;
> (ii) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any

> Federal crime of terrorism (as defined in section 2332b(g)(5) against the United States, citizens or residents of the United States, or their property;
> (iii) derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism (as defined in section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property…

18 U.S.C. § 2314 Transportation of Stolen Property from the United States is an offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1961(1).

The Notice of Demand for Forfeiture includes but is not limited to the money judgment in Paragraph II.

**II.**
**Money Judgment**

A sum of money that represents the amount of proceeds obtained by the Defendant, directly or indirectly, as a result of the offenses set forth above, and the value of property used to facilitate, or intended to be used to facilitate the commission of the offenses, for which JALEEL ADONIS DAVIS is solely liable.

**Substitute Assets**

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third person;
c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), of any other property of said Defendant up to the value of the forfeitable property.

A TRUE BILL.

[redacted]

FOREPERSON OF THE GRAND JURY

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

BY: ______________________
Assistant U.S. Attorney